UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

04 - 12505 REK CIVIL ACTION NO. _____

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY ) <br> COMPANY OF AMERICA, as subrogee of ) <br> TRANSCORE HOLDING, INC., ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> MANPOWER, INC., ) <br> ) <br> Defendant ) <br> ) | MAGISTRATE JUDGE _____ <br><br> JURY TRIAL DEMANDED <br><br> RECEIPT # _____ <br> AMOUNT $ _____ <br> SUMMONS ISSUED ___ <br> LOCAL RULE 4.1 ___ <br> WAIVER FORM ___ <br> MCF ISSUED ___ <br> BY DPTY. CLK. ___ <br> DATE 11/29/04 |

## COMPLAINT

Plaintiff, Travelers Property Casualty Company of America, as subrogee of Transcore Holding, Inc., by and through its attorney, hereby avers, upon information and belief, as follows:

### THE PARTIES

1. At all times material hereto, plaintiff, Travelers Property Casualty Company of America [hereinafter "Travelers"], was a corporation organized and existing under the laws of the State of Connecticut, with a principal place of business at One Tower Square, Hartford, Connecticut.

2. At all times material hereto, plaintiff, Travelers was engaged in the business of issuing property insurance and was duly authorized to issue policies of insurance within the Commonwealth of Massachusetts.

3. At all times materials hereto, plaintiff, Travelers, provided property insurance to Transcore Holding, Inc. [hereinafter "Transcore"], a corporation with a usual place of business at 7611 Derry Street, Harrisburg, Pennsylvania, and doing business in Massachusetts.

4. At all times material hereto, defendant, Manpower, Inc. [hereinafter "Manpower"], was a corporation organized and existing under the laws of Delaware, with its principal place of business at 5301 N. Ironwood Road, Milwaukee, Wisconsin, and doing business in Massachusetts.

5. At all times material hereto, defendant, Manpower, was in the business of providing staffing services.

## JURISDICTION AND VENUE

6. The jurisdiction of this court is proper pursuant to 28 USC §1332 as this action is between corporations of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

7. Venue is proper in this district pursuant to 28 USC §1391 as the events or omissions giving rise to the claims at issue occurred within the district and defendants are subject to personal jurisdiction within the district.

## FACTUAL ALLEGATIONS

8. In November 2001, Transcore was leasing space at 27 Midstate Drive, Auburn, Massachusetts, from Paino Associates ("Paino") and was carrying out a contract it had with the Massachusetts Turnpike Authority ("MTA") for work involving the FASTLANE®system.

9. During that time, Transcore contracted with Manpower, in which Manpower agreed to supply it qualified, temporary individuals to assist Transcore with the FASTLANE® work.

10. Moreover, Manpower warranted that its employees would be capable of fulfilling performance standards and that it would be responsible for monitoring such performance levels.

11. One of the individuals Manpower supplied to Transcore was Timothy Mickiewicz ("Mickiewicz").

12. Upon information and belief, in November 2001, Mickiewicz, while working for Manpower, was responsible for intentionally setting a series of fires, including a final fire on or about November 30, 2001 that caused substantial damage to Transcore's premises and contents at 27 Midstate Drive, Auburn, Massachusetts, as well as loss of business income.

13. Given the extensive fire, smoke and water damage, Transcore submitted a claim to Travelers.

14. Pursuant to the terms and conditions of its policy of insurance, plaintiff, Travelers, has paid to or on behalf of Transcore an amount in excess of $1,700,000, representing the fair and reasonable value of and cost to repair the damages, which were sustained and covered under the policy.

15. To the extent of its payments, plaintiff, Travelers is subrogated to the rights of Transcore.

## COUNT ONE – BREACH OF CONTRACT

16. Plaintiff, Travelers, realleges each and every allegation set forth in Paragraphs 1 through 15 as if set forth herein.

17. Transcore had a contract with Manpower to supply it with qualified, temporary employees to work at the FASTLANE® system.

18. Manpower warranted that such temporary employees would fulfill performance standards and would be monitored.

19. Manpower breached its contract with respect to ensuring that Mickiewicz was performing to standards and by failing to monitor his actions.

20. As a result of Manpower's breach, Mickiewicz was allowed to intentionally set a series of fires, including a final fire on or about November 30, 2001, that caused substantial damages to Transcore's premises and contents at 27 Midstate Drive, Auburn, Massachusetts, as well as loss of business income.

21. By reason of the above breach of contract, Travelers suffered severe and extensive damage.

WHEREFORE, plaintiff, Travelers, demands judgment against defendant, Manpower, together with pre and post judgment interest, the costs of this suit and such other and further relief as may be awarded by the Court.

## COUNT TWO – NEGLIGENCE

22. Plaintiff, Travelers, realleges each and every allegation set forth in Paragraphs 1 through 21 as if set forth herein.

23. The fire and resulting damages were caused by the carelessness, negligence, gross negligence and/or negligent acts or omissions of Defendant, Manpower, acting by and through its agents and employees, acting within the scope and course of their employment, as follows:

    a.    failing to provide proper and adequate security;

    b.    failing to provide properly trained and/or qualified personnel to monitor access to the men's restroom;

    c.    causing or allowing conditions to exist which created the potential for the intentionally set fire;

    d.    failing to take proper and adequate steps to eliminate and/or reduce the risk of intentionally set fires;

    e.    failing to ensure that its employees acted with reasonable care;

    f.    failing to properly train and/or hire qualified personnel and/or failing to properly supervise its personnel;

    g.    failing to provide sufficient training or properly supervise Mickiewicz; and

    h.    otherwise failing to use due care under the circumstances as may be required in the course of discovery.

24. By reason of the above negligence and/or gross negligence, Travelers suffered severe and extensive damage.

WHEREFORE, Plaintiff, Travelers, demands judgment against Defendant, Manpower, together with pre and post judgment interest, the costs of this suit and such other and further relief as may be awarded by the Court.

## COUNT THREE- NEGLIGENT SUPERVISION

25. Plaintiff, Travelers, realleges each and every allegation set forth in Paragraphs 1 through 24 as if set forth herein.

26. Manpower had a duty to ensure that its employees acted with reasonable care.

27. Manpower breached its duty by failing to properly train and/or hire qualified personnel and/or failing to properly supervise its personnel.

28. Manpower failed to provide sufficient training or properly supervise Mickiewicz.

29. By reason of the above negligent supervision, Travelers suffered severe and extensive damage.

WHEREFORE, Plaintiff, Travelers, demands judgment against Defendant, Manpower, together with pre and post judgment interest, the costs of this suit and such other and further relief as may be awarded by the Court.

## COUNT FOUR – VICARIOUS LIABILITY

30. Plaintiff, Travelers, realleges each and every allegation set forth in Paragraphs 1 through 29 as if set forth herein.

31. Manpower had a duty to ensure its employees acted in a non-negligent manner.

32. At the time of the alleged fire and damages, Mickiewicz was working within the scope of his employment.

33. Mickiewicz's negligent or intentional actions and/or inactions are attributable to Manpower.

34. By reason of the above vicarious liability, Travelers suffered severe and extensive damage.

WHEREFORE, Plaintiff, Travelers, demands judgment against Defendant, Manpower, together with pre and post judgment interest, the costs of this suit and such other and further relief as may be awarded by the Court.

## JURY CLAIM

Plaintiff, Travelers demands a trial by jury as to all issues.

Plaintiff,
By its attorney,

Steven B. Stein
BBO No.: 478290
Law Offices of Thomas M. Niarchos
100 Summer Street, Suite 201
Boston, MA 02110
(617) 772-2800

N:\018117\complaint.doc

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Travelers Property Casualty Company of America, as subrogee of TransCore Holding, Inc. v. Manpower, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [X] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   Great Northern Insurance Co., et al v. Massachusetts Turnpike Authority, et al
   02-12126 REK

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [ ]   NO [X]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [X]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Steven B. Stein
ADDRESS  Law Offices of Thomas M. Niarchos, 100 Summer Street, Boston, MA 02110
TELEPHONE NO. (617) 772-2800

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Travelers Property Casualty Company of America, as subrogee of Transcore Holding, Inc.

(b) County of Residence of First Listed Plaintiff: Hartford, CT
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Steven B. Stein
Law Offices of Thomas M. Niarchos
100 Summer Street, Boston, MA 02110
(617) 772-2800

## DEFENDANTS
Manpower, Inc.

County of Residence of First Listed: Milwaukee, WI
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | | **LABOR** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☒ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 |
| | | ☐ 555 Prison Condition | | ☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 1332

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $1,730,640.10
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE Keeton
DOCKET NUMBER 02-12126

DATE 11/29/04
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____