UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12505-REK

TRAVELERS PROPERTY CASUALTY )
COMPANY OF AMERICA, as subrogee )
of TRANSCORE HOLDING, INC., )
        Plaintiff, )
v. )
MANPOWER, INC., )
        Defendant. )

## ANSWER AND JURY DEMAND OF DEFENDANT MANPOWER, INC.

### FIRST DEFENSE

Defendant Manpower, Inc. ("Manpower") responds as follows to the allegations in the numbered paragraphs of the Complaint of Travelers Property Casualty Company of America, as subrogee of Transcore Holding, Inc. ("Travelers"), reserving its right to amend its answer and to assert claims against parties and non-parties as discovery progresses.

1. Manpower is without knowledge or information sufficient to admit or deny the allegations in paragraph 1.

2. Manpower is without knowledge or information sufficient to admit or deny the allegations in paragraph 2.

3. Manpower is without knowledge or information sufficient to admit or deny the allegations in paragraph 3.

4. Manpower admits the allegations in paragraph 4.

5. Manpower admits the allegations in paragraph 5.

6. Manpower neither admits nor denies the allegations in paragraph 6, which constitute conclusions of law.

7. Manpower neither admits nor denies the allegations in paragraph 7, which constitute conclusions of law.

8. Manpower is without knowledge or information sufficient to admit or deny the allegations in paragraph 8.

9. Manpower admits that it provided temporary workers to Transcore in November 1999 to assist Transcore with the FASTLANE® work. Manpower neither admits nor denies the allegations in paragraph 9 to the extent that they refer to documents that speak for themselves. Manpower denies the remaining allegations in paragraph 9.

10. Manpower neither admits nor denies the allegations in paragraph 10, which constitute conclusions of law or refer to documents that speak for themselves.

11. Manpower admits that it assigned Timothy Mickiewicz to work for Transcore or an affiliated company.

12. Manpower is without knowledge or information sufficient to admit or deny the allegations in paragraph 12.

13. Manpower is without knowledge or information sufficient to admit or deny the allegations in paragraph 13.

14. Manpower is without knowledge or information sufficient to admit or deny the allegations in paragraph 14.

15. Manpower is without knowledge or information sufficient to admit or deny the allegations in paragraph 15.

## COUNT ONE – BREACH OF CONTRACT

16. Manpower repeats and incorporates herein its responses to paragraphs 1 through 15 as its response to paragraph 16.

17. Manpower neither admits nor denies the allegations in paragraph 17, which constitute conclusions of law or refer to documents that speak for themselves.

18. Manpower neither admits nor denies the allegations in paragraph 18, which constitute conclusions of law or refer to documents that speak for themselves.

19. Manpower denies the allegations in paragraph 19.

20. Manpower denies the allegations in paragraph 20.

21. Manpower denies the allegations in paragraph 21.

## COUNT TWO - NEGLIGENCE

22. Manpower repeats and incorporates herein its responses to paragraphs 1 through 21 as its response to paragraph 22.

23. Manpower denies the allegations in paragraph 23.

24. Manpower denies the allegations in paragraph 24.

## COUNT THREE - NEGLIGENT SUPERVISION

25. Manpower repeats and incorporates herein its responses to paragraphs 1 through 24 as its response to paragraph 25.

26. Manpower neither admits nor denies the matter asserted in paragraph 26, which constitutes a conclusion of law.

27. Manpower denies the allegations in paragraph 27.

28. Manpower denies the allegations in paragraph 28.

29. Manpower denies the allegations in paragraph 29.

## COUNT FOUR - VICARIOUS LIABILITY

30. Manpower repeats and incorporates herein its responses to paragraphs 1 through 29 as its response to paragraph 30.

31. Manpower neither admits nor denies the matter asserted in paragraph 31, which constitutes a conclusion of law.

32. Manpower denies the allegations in paragraph 32.

33. Manpower denies the allegations in paragraph 33.

34. Manpower denies the allegations in paragraph 34.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

The Complaint is barred by applicable statutes of limitations.

## FOURTH DEFENSE

If Travelers sustained damages as alleged, the damages were caused by acts, omissions, conduct, or conditions over which Manpower had no control and for which it is not legally responsible or liable.

## FIFTH DEFENSE

If Travelers sustained damages as alleged, the damages were caused by its own negligence or that of its subrogor, and its recovery is barred or must be reduced in proportion to its negligence, in accordance with Mass. Gen. Laws c. 231, §85.

## SIXTH DEFENSE

If Travelers sustained damages as alleged, its recovery is barred or must be reduced for its or its subrogor's failure to mitigate damages.

### SEVENTH DEFENSE

The Complaint is barred because Manpower did not breach the terms of any contract with Transcore.

### EIGHTH DEFENSE

If Travelers sustained damages as alleged, the damages were caused by intervening, superseding criminal conduct for which Manpower is not legally responsible or liable.

### NINTH DEFENSE

Manpower is not liable for the acts of Timothy Mickiewicz, as his alleged conduct, and any damages sustained by Travelers as a result of such conduct, were not reasonably foreseeable.

### TENTH DEFENSE

Manpower is not vicariously liable for the acts of Timothy Mickiewicz, as his alleged conduct was outside the scope of his employment.

WHEREFORE, Manpower, Inc. demands judgment that the Complaint be dismissed with prejudice and that it be awarded costs and attorney's fees.

### JURY DEMAND

Defendant Manpower, Inc. demands a trial by jury.

DEFENDANT
MANPOWER, INC.
By its attorneys,

/s/ Michael J. Grace
Michael J. Grace, BBO# 205875
Edward F. Whitesell, Jr., BBO# 644331
**ADLER POLLOCK & SHEEHAN P.C.**
175 Federal Street
Boston, MA 02110
(617) 482-0600

*323384_1*