UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NOS. 02-12126 REK and
04-12505 REK

| | )  |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, as subrogee of TRANSCORE HOLDING, INC., | ) ) ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| MANPOWER, INC., | ) |
| | ) |
| Defendant | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO EXTEND DISCOVERY AND CONTINUE TRIAL DATE**

Plaintiff, Travelers Property Casualty Company of America ("Travelers"), respectfully submits this memorandum in support of its motion requesting the Court to extend the discovery deadline for this case by six months, and to continue the trial, now scheduled to take place on May 8, 2006. Travelers has not had an opportunity to take discovery in this case, as all parties assumed that Travelers' claims would be resolved at the mediation of the claims for the previously filed case of Great Northern Insurance Co. v. Paino, et al, Civil Action No. 02-12126 REK on April 6, 2006. Despite good faith efforts, Travelers and Manpower were unable to resolve their dispute. Accordingly, Travelers respectfully asks this Court to allow it time to take its own discovery before trying its claims against Manpower.

**BACKGROUND**

Travelers filed this subrogation action on November 29, 2004, two years after similar claims were filed in the case of Great Northern Insurance Co. v. Paino Associates, et al, Civil Action No. 02-12126 REK. Although Travelers' subrogor, Transcore, Inc. was a defendant and third-party plaintiff in the Great Northern case, Travelers had no opportunity to participate in discovery, as Transcore had a different insurer and counsel for its liability claims. Thus, Manpower was able to take discovery over a two-year period on the facts concerning this issue, while Travelers sat on the sidelines.

On December 15, 2005, this Court held its first Scheduling Conference in this case. At that time, the Court consolidated this case with the Great Northern case. On February 2, 2006, this Court scheduled all claims for trial on May 8, 2006, and allowed Travelers to conduct discovery until April 15, 2006. Although this left Travelers with almost no time for discovery, Travelers agreed to this abbreviated discovery and trial schedule with the understanding that all claims were scheduled for mediation on April 6, 2006. Travelers was confident that the case could be resolved at that time. However, despite good faith efforts by both parties to resolve this dispute, Travelers and Manpower were not able to reach agreement. All other parties did resolve their claims.

Thus, the Great Northern plaintiffs, who had been pushing to resolve this case, and who had requested the earlier trial date, are no longer parties to this case. The only remaining claims are those of Travelers and Manpower. There is no longer a need for a shortened trial schedule. As noted, Manpower has had two years to conduct discovery on the facts at issue in this case, as the same issue was raised by Transcore's other counsel in the Third-Party Complaint. Travelers has not been able to participate in any discovery, and does not even have all of the pleadings and depositions from the prior case. Fairness dictates that the playing field be leveled, giving

Travelers the opportunity to review all prior discovery, and to take its own discovery on issues not covered in the previous litigation. Travelers is only looking for a six-month extension of time in which to conduct discovery before trial of this action. Travelers will be severely prejudiced if this motion is denied, given that Manpower should be ready for trial, and Travelers is not.

 Accordingly, Travelers respectfully requests that this Court extend the discovery schedule by six months, and move the trial date from May 8, 2006 to any date after October 15, 2006.

Dated: April 20, 2006       Respectfully submitted,

              Plaintiff, Travelers Property Casualty Company of
              America, as subrogee of Transcore Holding, Inc.,
              By its attorney,

              /s/ Sally A. VanderWeele
              Sally A. VanderWeele
              BBO No.:  541950
              Law Offices of Thomas M. Niarchos
              100 Summer Street, Suite 201
              Boston, MA  02110
              (617) 772-2800

            Certificate of Service

 I hereby certify that I served a copy of this memorandum by electronic mail, and by regular mail, on counsel for Manpower, Inc. on April 20, 2006.

              /s/Sally A. VanderWeele
              Sally A. VanderWeele